UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY DEJOHN** | : | Case No.1:05CV2658 |
| **Plaintiff,** | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| **UNITED STATES OF AMERICA** | : | <u>MEMORANDUM & ORDER</u> |
| **Defendant.** | : | |

Before the Court is pro se Petitioner Anthony DeJohn's amended motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 and related motions. (Docs. 17, 19, 24, 29.)[1] DeJohn argues that both his trial and appellate counsel rendered constitutionally ineffective assistance. For the reasons stated below, this Court **DENIES** DeJohn's motion with respect to ineffective assistance of appellate counsel and **PARTIALLY DENIES** DeJohn's motion with respect to ineffective assistance of trial counsel. (Doc. 17.) This Court orders an evidentiary hearing to be held <u>**DECEMBER 10, 2008 at 10:00am**</u> to evaluate Petitioner's remaining claim. DeJohn's motions to compel a ruling from this Court are **DENIED** as moot. (Docs. 24, 29.) Likewise, DeJohn's motion for reconsideration of the Government's obligation to respond to earlier briefing is **DENIED** as moot. (Doc. 19.)[2]

---

[1] The Court **TERMS** DeJohn's initial petition for relief as moot in light of his amended petition for relief. (Doc. 1.) Nevertheless, this Court will read all of DeJohn's filings collectively to interpret his claims for relief as broadly as reasonable. (*See* Docs. 1, 7, 17, 22, 26, 28.)

[2] DeJohn asks this Court to reject certain Government briefing because, he contends, that briefing does not comply with this Court's previous orders. Even assuming that this Court were to agree that the Government was non-compliant, this would not impact the instant decision. DeJohn's petition would be no more or less meritorious in the absence of some portion of the

I.  **BACKGROUND**

On December 28, 2000, DeJohn was indicted for conspiracy to distribute controlled substances and related charges, as well as illegal possession of a firearm.[3] The Government offered DeJohn a plea agreement through counsel, but counsel informed the Government that DeJohn did not accept this agreement.[4] DeJohn requested a jury trial, which began on May 7, 2001. At the close of trial, Petitioner's counsel did not request a jury instruction requesting that the jury unanimously agree which particular firearm DeJohn illegally possessed.[5] On May 18, 2001, Petitioner was convicted of conspiracy to distribute marijuana, possession of marijuana with intent to distribute, unlawful use of a communication facility, and illegal possession of a firearm. DeJohn's counsel did not object to the manner in which this Court applied the sentencing guidelines.

On January 29, 2002, DeJohn filed a timely notice of appeal. *See United States v. DeJohn*, 368 F.3d 533 (6th Cir. 2004). While Petitioner's appellate counsel raised the issue of ineffective assistance of trial counsel with respect to trial counsel's failure to ask for a unanimity instruction or to object to alleged prosecutorial misconduct, appellate counsel did not make several other specific claims regarding trial counsel's performance that DeJohn now contends should have been made.[6]

---

Government's briefing.

[3] Specifically, DeJohn was indicted for being a felon in possession of a firearm.

[4] Petitioner now claims that his trial counsel did not convey this plea offer and that, had this offer been conveyed, DeJohn would have accepted it.

[5] Two firearms were at issue in DeJohn's trial, a derringer type pistol and a shotgun. During the trial, DeJohn presented testimony that the guns belonged to other people. It is important to note, however, that DeJohn was charged with possession, not with ownership.

[6] Specifically, DeJohn alleges that appellate counsel should have alerted the Sixth Circuit to trial counsel's: 1) failure to properly object to the application of the sentencing guidelines; 2) failure to communicate the government's plea offer; 3) failure to request a jury instruction

DeJohn's direct appeal was denied on May 13, 2004. *Id*. Appellate counsel for DeJohn also filed a petition for rehearing en banc, which was denied on July 13, 2004, as well as a petition for a writ of certiorari, which was denied on November 15, 2004. In neither of these petitions did DeJohn's counsel raise *Blakely*, which the Supreme Court decided on June 24, 2004.[7]

Petitioner asserts that the above record establishes that both trial and appellate counsel were unconstitutionally ineffective. He alleges that, had counsel performed at the level required of them by the Constitution, there is a reasonable probability that the result of his trial would have been different. DeJohn's claims are generally without merit. This Court is compelled, however, to order an evidentiary hearing to determine whether DeJohn's trial counsel conveyed the Government's plea offer to him.

## II. ANALYSIS

### A. Standard of Review

A petitioner seeking relief under § 2255 must allege that: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. *Pough v. United States*, 442 F. 3d 959, 964 (6th Cir. 2006). The petitioner has the burden of sustaining his allegations by a preponderance of the evidence. *Id.* at 964. *See also McQueen v. United States*, 58 Fed. Appx. 73, 76 (6th Cir. 2003) ("Defendants seeking to set aside their sentences

---

regarding "personal use" of the drugs and; 4) failure to object to communication between the Court and jury outside DeJohn's presence.

[7] The assumptions employed by this Court when it sentenced DeJohn, like those employed by every district court prior to June 24, 2004 (and for many courts, January 12, 2005) - that the Guidelines were mandatory - were later held to be unconstitutional. *See United States v. Booker*, 543 U.S. 220 (2005); *Blakely v. Washington*, 542 U.S. 296 (2004).

pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.") (citation omitted).

Generally, constitutional or statutory challenges cannot be made for the first time in a § 2255 motion; they must be made on direct appeal or they are waived. *Weinberger v. United States*, 268 F. 3d 346, 351 (6th Cir. 2001); *see also Bousley v. United States*, 523 U.S. 614, 621 (1998) (noting that a federal defendant who fails to raise a particular ground for reversal on direct appeal commits procedural default as to that claim.). In order to obtain review of a procedurally defaulted claim in a § 2255 motion, a petitioner must either show cause to excuse his failure to raise the claim previously and actual prejudice resulting from the alleged violation, or that he is actually innocent. *Id.* at 622. ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'") (citation omitted).

The procedural default rule does not apply, however, to claims of ineffective assistance of counsel. Ineffective assistance of counsel claims are generally not cognizable on direct appeal because the record is normally inadequate to permit review. *See United States v. Bradley*, 400 F.3d 459, 462 (6th Cir. 2005). For this reason, a petitioner may raise an ineffective assistance of counsel claim for the first time in a § 2255 proceeding, despite the petitioner's failure to raise the claim on direct appeal. *See United States v. Tucker*, 90 F. 3d 1135, 1143 (6th Cir.1996); *see also United States v. Allison*, 59 F. 3d 43, 47 (6th Cir. 1995). Indeed, "in most cases a motion brought under 28 U.S.C. § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance." *Bradley*, 400 F.3d at 462. The Sixth Circuit "with rare exceptions where the record is adequate to assess the merits of defendant's allegations . . . consistently declin[es] to address ineffective-assistance claims

on direct appeal." *Id*. The "district court is the better forum for initial review of this claim in a post-conviction proceeding." *Allison*, 59 F.3d at 47.

**B.    DeJohn's Claim that Trial Counsel Was Ineffective**

DeJohn's first claim is that his trial attorney provided ineffective assistance of counsel. There is a well-established two-part test for analyzing claims of ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984); *O'Hara v. Brigano*, 499 F.3d 492, 505 (6th Cir. 2007). First, the petitioner must show that trial counsel's performance was not within the range of competence demanded of attorneys in criminal cases because it fell below an objective standard of reasonableness. *O'Hara*, 499 F.3d at 505. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. (citations omitted). Additionally, "judicial scrutiny of counsel's performance must be highly deferential." *Id*. (citations omitted). Second, the petitioner must show that actual prejudice resulted from the counsel's deficient performance. *Id.* For a defendant to meet this second prong, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. (citations omitted) ("A reasonable probability is a probability sufficient to undermine confidence in the outcome."). A court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

**1. The Allegation that Counsel Was Ineffective By Failing to Communicate a Plea Agreement**

In the context of a guilty plea, the *Strickland* test applies with a minor caveat. The first prong of the test, demonstrating that trial counsel's performance fell below an objective standard of reasonableness, remains the same. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In order to satisfy the

second prong of the test, however, the defendant need only show "that there is a reasonable probability the petitioner would have pleaded guilty given competent advice." *Griffin v. United States*, 330 F. 3d 733, 737 (6th Cir. 2003) (citing *Turner v. Tennessee*, 858 F.2d 1201, 1206 (6th Cir. 1988)). Thus, it is "easier to show prejudice in the guilty plea context because the claimant need only show a reasonable probability that he would have pleaded differently." *Id.*

DeJohn argues that his counsel failed to convey the Government's proffered plea entirely. This allegation, if true, certainly rises to objectively unreasonable performance. *Id.* ("A defense attorney's failure to notify his client of a prosecutor's plea offer constitutes ineffective assistance of counsel under the Sixth Amendment and satisfies the first element of the *Strickland* test"). DeJohn further asserts, through sworn affidavit, that he would have accepted the Government's plea agreement if it had been conveyed to him and that he, thus, satisfies *Strickland's* second prong.

The Government responds to this aspect of DeJohn's petition in two ways. First, the Government points out that DeJohn proffers nothing other than his own self-serving affidavit to support his contention. The Government argues that, given that the jury did not find DeJohn's testimony credible at trial <u>and</u> that this Court found that DeJohn's sentencing range should be enhanced because he perjured himself at trial, the Court should reject DeJohn's sworn statements on this issue as well.

The Government's contention is certainly not without force – this Court has a specific recollection of DeJohn's testimony and of its firm conviction that much of that testimony was perjurious. Indeed, after a review of the record on Appeal, the Sixth Circuit affirmed this Court's application of the perjury-based obstruction of justice enhancement to DeJohn's sentence. *United States v. DeJohn*, 368 F.3d 533, 547 (6th Cir.2004) ("[T]he district court found that [DeJohn]

-6-

perjured himself on the stand at trial, a finding strongly supported by the record."). The problem with the Government's assumption – essentially that, because DeJohn was once not credible, he is forever not credible – is that the Court has not had sufficient opportunity to assess DeJohn's credibility on this particular issue. The Government has, by its choice of litigation strategy, left DeJohn's claims on this point unrebutted by direct evidence. In such circumstances, the Court either must conduct a hearing so that it may perform the credibility assessments that the Government believes will be determinative, or have some other evidence before it that would make a hearing unnecessary.[8]

After noting that DeJohn has already proven that he is willing to lie under oath, the Government argues that there is no objective evidence that would justify the conclusion that DeJohn would have ever admitted his guilt to the central charges in the indictment against him – which he would have been required to do under the proposed plea agreement. On this point, the Government analyzes the trial record in some detail and points out that DeJohn not only proclaimed his innocence throughout, but presented and procured false testimony to support that claim. The Government asserts that a fair reading of the trial record demands the conclusion that DeJohn never would have agreed to a plea in this case because DeJohn was "arrog[ant]" enough to believe "that he could lie and have witnesses lie on his behalf and that a jury would not see through this." (Doc. 25 at 7.) Again, while the Government's points are supported by the record, the Court is not convinced that, standing alone, these facts justify a denial of DeJohn's claim in the absence of further inquiry. *See,*

---

[8] The Government also asks this Court to remember a statement made in chambers by DeJohn's counsel that DeJohn would not plead guilty. The problem here is that the Government assumes for the purposes of this petition that DeJohn's counsel did <u>not</u> convey the Government's plea offer. If that were true, counsel's off the record representation that DeJohn would not accept a plea agreement - which the Court <u>does</u> recall - would be concomitantly suspect.

*e.g., Griffin*, 330 F. 3d at 737 (petitioner's assertion of innocence does not prevent the later claim that he would have accepted a guilty plea). This is especially true where, as here, there is at least some difference between the sentence DeJohn received after trial and that which he likely would have received after a guilty plea. *See, e.g., Dedvukovic v. Martin*, 36 Fed. Appx. 795, 798 (6th Cir. 2002).[9]

For this reason, the Court does not believe it can decide this aspect of DeJohn's petition without conducting a hearing to determine whether DeJohn was informed of the Government's offer and whether, if not, there is a reasonable probability that, had he been informed, he would not have chosen to go to trial. *See Griffin*, 330 F. 3d at 737; *see also Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) ("Although the government implies that [the defendant's] protestations of innocence discredit his argument that he was willing to accept a plea, this circuit has rejected this reasoning in the past. . . . a defendant's affidavit alone [can] present sufficient evidence supporting his request *for a hearing*.") (emphasis added); *but see United States v. Arteca*, 411 F.3d 315, 322 (2d Cir. 2005) (collecting cases) ("The weight of authority [outside the Sixth Circuit] holds that a self-serving and conclusory statement . . . is insufficient in itself to show prejudice in the context of guilty pleas."). This Court, therefor, orders an evidentiary hearing on the issue of whether trial counsel informed DeJohn of the Government's offer. *See Valentine*, 488 F.3d at 333 ("The defendant's burden to show his right to a hearing is significantly lower than his burden to show he

---

[9] While it is unclear how material the difference between the actual and theoretical sentences is, or what factors effected that difference, this Court does not need to decide the question of materiality to decide that it is a better practice to conduct a hearing on this claim. The Court also does not decide the Government's contention that DeJohn's claim of prosecutorial misconduct and his asserted grounds therefore in his original appeal are relevant to the credibility determinations this Court must make. Again, the Court reserves that issue for argument at the hearing on this matter.

is entitled to § 2255 relief. . . . His claim may prove false at the evidentiary hearing, but it is impossible to assess its veracity based on this record alone.").[10]

**2. The Allegation that Counsel Was Ineffective by Failing to Request a Unanimity Instruction**

DeJohn asserts several other potential grounds for ineffective assistance, none of which are sustainable. His first claim relates to his conviction for illegal possession of a firearm. DeJohn notes that two firearms were at issue in his case, a pistol and a shotgun. He asserts that the jury should have been asked to agree unanimously whether DeJohn possessed both of these weapons, or one particular gun. The problem with this claim is that, the Sixth Circuit found in this very case that there was no need for a unanimity instruction. *See DeJohn*, 368 F.3d at 541 ("[P]articular firearm possessed is not an element of the crime under §922(g)." For this reason, there is no need for a unanimity instruction in the absence of a genuine risk of jury confusion, which did not exist on the record of DeJohn's proceedings).[11] DeJohn cannot show that counsel's performance was deficient

---

[10] For purposes of this petition, the Government was wiling to stipulate that DeJohn's trial counsel did not inform DeJohn of the Government's plea. After careful consideration, the Court is unable to accept this stipulation because it is inconsistent with the Court's own memory and the record evidence. *See Brown v. United States*, 261 Fed. Appx. 865, 869 (6th Cir. 2008) ("When the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial [when reaching his or her ruling].") (citations omitted). In particular, the Court recalls inquiring about the status of plea negotiations relating to Mr. DeJohn and being told that the Government agreed to extend the period of time during which the offer would remain open at the request of DeJohn's counsel who said he wanted more time to discuss the pros and cons of that offer with DeJohn. The Court finds it unlikely that DeJohn's counsel would request this extension if he did not actually convey the agreement to DeJohn.

[11] To the extent DeJohn claims that the issue of whether there was a danger of jury confusion was not decided in his earlier appeal, the Court finds the issue easy to decide now. Where jury "disagreement [regarding] which gun was possessed would not indicate that jurors believed the defendant to be guilty of different crimes of wildly varying sentences," there is no risk of jury confusion. *DeJohn*, 368 F.3d at 541 (citing with approval *United States v. Verrechia*, 196 F.3d 294, 301 (1st Cir. 1999).)

for failing to request an unnecessary instruction. *See Thompson v. Konteh*, 170 Fed. Appx. 945, 948 (6th Cir. 2006) (explaining that when the given "jury instructions [are] proper . . . [claims for] ineffective-assistance-of-counsel" with respect to those jury instructions "must fail").

### 3. The Allegation that Counsel Was Ineffective for Failing to Request Certain Sentencing Considerations

DeJohn's second claim involves the relationship between his drug and weapons convictions. At sentencing, this Court considered the drug and weapons charges separately; DeJohn argues that trial counsel was deficient for failing to argue that the drugs and weapons charges should have been "grouped" together under the guideline, thereby decreasing his guidelines range.[12] The defect with DeJohn's claim here is that this Court found, and continues to find, that it is improbable that the weapons were in any way associated with the drugs. The Government notes that "hundreds of intercepted telephone conversations never alluded to the defendant's possession of weapons in relation to his drug activities." (Doc. 27 at 6.) Additionally, the Government convincingly asserts that "a long-barreled shotgun and a one shot derringer are not typically weapons used by drug traffickers." (*Id.*) Finally, "the weapons were not loaded." (*Id.*) Accordingly, DeJohn cannot show

---

[12] DeJohn concedes that the underlying issue regarding the propriety of the Court's sentencing determinations was not raised on direct appeal and, thus, asserts this as a claim of ineffective assistance of both trial and appellate counsel.
The Court notes that it is not completely fair to say that DeJohn's trial counsel did not object to the failure to group his offenses. What DeJohn's counsel said was that the guidelines demanded somewhat of a Hobson's choice from the Defendant: if counsel argued for grouping, counsel would have to argue that the guns and drugs were related (i.e., the guns were possessed in connection with the distribution of drugs). As counsel noted at the time, however, that fact could support a two-point enhancement of the drug charges and would be inconsistent with DeJohn's continued claims of innocense. Counsel did not ignore the issue, rather, he was concerned with all implications that might arise from the factual arguments that such an objection would require. Nonetheless, because the Court finds the grouping question so readily resolved on other grounds, the Court does not find it necessary to decide whether DeJohn's premise that no objection was lodged by trial counsel is an accurate one.

that counsel's performance was deficient for failing to make a facially untenable argument to this Court. *See Thompson*, 170 Fed. Appx. at 948.

DeJohn also claims that his sentencing violated *Apprendi* and that trial counsel was deficient for failing to object to this violation. Specifically, DeJohn attempts to characterize the jury verdict as a conviction for possession of only one pound of marijuana. The Sixth Circuit ruled, however, that even if the jury verdict should be understood the way that DeJohn urges "his argument that the judge is bound by the jury's fact-finding in sentencing has been clearly rejected." *DeJohn*, 368 F.3d at 546.[13] As with DeJohn's other claims, trial counsel simply cannot be said to be deficient for failing to raise arguments that the Sixth Circuit has already concluded are without merit.

**4. DeJohn's Two Remaining Allegations of Ineffective Trial Counsel are Facially Deficient**

DeJohn makes two final claims for ineffective assistance of trial counsel that must also be rejected on their face. He argues that trial counsel should have requested a jury instruction for personal use. As the Government notes, however, the fact that the jury found the defendant guilty of the conspiracy to distribute marijuana and possession with the intent to distribute marijuana illustrates that, even assuming counsel should have requested such an instruction, there is not a reasonable probability that such an instruction either would have been given or would have impacted the outcome. Last, DeJohn references a "secret conversation" between this Court and the jury. The comment in question, as noted by the government, was between the Court and the jury <u>after</u> the verdict was returned and the jury had been discharged. Consequently, there was no improper conduct to which trial counsel could have objected, and no ineffective performance for failing to

---

[13] As is discussed in greater detail elsewhere in this opinion, DeJohn's case was decided prior to *Blakely* and *Booker*.

raise such an objection.

### B. DeJohn's Claim of Ineffective Assistance of Appellate Counsel

DeJohn also claims that he was denied the effective assistance of appellate counsel. Defendants raising claims of ineffective assistance of appellate counsel also must meet the two-prong *Strickland* test. *Valentine*, 488 F. 3d at 338. With claims of ineffective assistance of appellate counsel, however, the court first must assess the strength of the claim appellate counsel failed to raise. *Id*. Appellate counsel's failure to raise an issue on appeal "could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *McFarland v. Yukins*, 356 F. 3d 688, 699 (6th Cir. 2004). This poses a very specific challenge to a petitioner who asserts that appellate counsel was deficient for failing to raise the ineffective performance of trial counsel. While effective appellate counsel will undoubtably sometimes question the performance of trial counsel, this will essentially only occur when trial counsel was indeed deficient in some way that could be reviewed *on direct appeal*. In this case, the only tenable claim of ineffective performance of trial counsel requires an evidentiary hearing. Because there is no credible allegation that trial counsel was deficient in a manner that could be evaluated on direct review, appellate counsel was not unconstitutionally ineffective for choosing not to raise the issue of trial counsel's performance.

DeJohn also complains that his appellate counsel failed to appropriately brief *Blakely* and *Booker*. In particular, the Petitioner asserts that these claims should have been briefed in his petition for rehearing en banc and in his petition for certiorari. As there is no constitutional right to counsel during either of these proceedings, there can be no claim for ineffective assistance of counsel with respect to them. *Wainwright v. Torna*, 455 U.S. 586, 587 (1982); *Washpun v. United States*, 109

Fed. Appx. 733, 735 (6th Cir. 2004). Even construing DeJohn's pro se petition broadly to include the allegation that his trial or appellate counsel should have <u>anticipated</u> that the Supreme Court would eventually strike down the federal sentencing procedure, the claim still fails to satisfy the first prong of *Strickland*. Given that "*Booker* had not been decided at the time of [DeJohn's] guilty plea, his counsel could not be expected to be clairvoyant and make divinations about the future state of the law." *United States v. Young*, No. CR98-2017, 2007 U.S. Dist. LEXIS 61405, at *18 (N.D. Iowa Aug. 19, 2007) ("[C]lairvoyance is not a required attribute of effective representation."); *D'Ambrosio v. Bagley*, No. 1:00-CV-2521, 2006 U.S. Dist. LEXIS 12794, at *144-45 (N.D. Ohio Mar. 24, 2006) ("[C]ounsel cannot be declared ineffective for failing to anticipate the future development of the law.") (citation omitted); *see also Fowler v. United States*, No. 3:02-CR-21, 2006 U.S. Dist. LEXIS 54943, at *15 (N.D. Ga. Aug. 5, 2006) ("Counsel's failure to anticipate the rulings in *Booker* and *Blakely* does not constitute deficient assistance of counsel following the plea, at sentencing, or on appeal."); *United States v. Duncan*, 2005 U.S. Dist. LEXIS 29809, at *3 (W.D. Tenn. Nov. 8, 2005) ("[C]ounsel's failure to be clairvoyant with respect to the Supreme Court's ruling in *Booker* [does] not constitute ineffective assistance.") There is a distinction between "the failure of an attorney to be aware of prior controlling precedent – which might render counsel's assistance ineffective – from the failure of an attorney to foresee future developments in the law." *Young*, 2007 U.S. Dist. Lexis 61405, at *18 (citations omitted) (quotations omitted).[14]

---

[14] DeJohn's claim also does not satisfy the second prong of *Strickland*, because counsel's failure to preserve alleged errors under *Booker* did not prejudice DeJohn. It seems that "every federal court of appeals . . . to have considered the issue of retroactivity []has held that *Booker* does not apply retroactively to cases on collateral review." *Young,* 2007 U.S. Dist. LEXIS 61405*,* at *19 (citing *Humphress v. United States*, 398 F.3d 855, 857 (6th Cir. 2005)) (other citations omitted). That DeJohn's claim became final only after *Blakely* is of no moment because *Booker* "was not dictated by *Apprendi* or, for that matter, the Court's later decision in *Blakely*." *Humphress*, 398 F.3d at 861-62; *see also United States v. Rennert*, 182 Fed. Appx. 65, 67 (3d

### III. CONCLUSION

For the foregoing reasons, Petitioner' amended motion is **DENIED** with respect to ineffective assistance of appellate counsel and **DENIED IN PART** with respect to ineffective assistance of trial counsel (Doc. 17) and DeJohn's original petition for a writ of habeas corpus is **TERMED** as moot (Doc. 1). An evidentiary hearing is set for **DECEMBER 10, 2008 at 10:00am** in order to determine the facts underlying DeJohn's sole remaining claim. DeJohn's trial counsel, Albert A. Giuliani, is **ORDERED** to attend the hearing. Furthermore, DeJohn's motions to compel a ruling from this Court (Doc. 24, 29) and for reconsideration of the Government's obligation to respond to earlier briefing (Doc. 19) are **DENIED** as moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith. Further, the Court will not issue a certificate of appealability in this case because DeJohn has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                s/Kathleen M. O'Malley
                                **KATHLEEN McDONALD O'MALLEY**
                                **UNITED STATES DISTRICT JUDGE**

Dated: November 21, 2008

---

Cir. 2006) (squarely holding that *Booker* is not retroactive even when "[Petitioner's] sentence became final after *Blakely*").